upon the court to call the attention of the jury to this fact in favor of the plaintiff more specifically than to any other fact developed in the testimony. In the absence of a pertinent request, the trial court is not required to direct the attention of the jury to specific facts which may be specially advantageous to one or the other of the parties, if the charge as a whole fairly presents the issues and appropriately instructs the jury in regard to them.

The evidence was strongly in conflict upon the controlling issue to which we have referred. But the preponderance does not necessarily lie with the greater number of witness. The opinions of witnesses, both expert and non-expert, may be given just such weight as the jury sees fit to accord them, and there was testimony of at least one witness that even if the car leaked, the water would not have contributed to the damage, and that in his opinion the damage was due solely to the inherent character of the foodstuff in question. The jury having resolved the issue of credibility in favor of the testimony for the defendant, and the trial judge having approved their finding, this court will not interfere with the exercise of his discretion.                    *Judgment affirmed.*

---

6212.   CAPITAL CITY OIL COMPANY *v.* SEABOARD AIR-LINE
RAILWAY.

RUSSELL, C. J. The decision in this case is controlled by the ruling in *Capital City Oil Co.* v. *Central of Georgia Railway Co.*, ante, 750.
                                        *Judgment affirmed.*
DECIDED SEPTEMBER 3, 1915.

Action for damages; from city court of Savannah—Judge Davis Freeman. October 15, 1914.

*Paul E. Seabrook,* for plaintiff.

*Anderson, Cann & Cann, A. R. Lawton Jr.,* for defendant.

---